## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **BRANDI HUDON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **_____** |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC., TRANSUNION,** | ) | |
| **LLC, and RENTGROW, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

1.     This is an action for damages brought by an individual consumer, Brandi Hudon ("Ms. Hudon" or "Plaintiff"), against Defendants Experian Information Solutions, Inc. ("Experian"), TransUnion, LLC ("TU"), and RentGrow, Inc. ("RentGrow") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

## JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3.     Venue is proper in this Court under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4.    Ms. Hudon is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

5.    Defendant Experian Information Solutions, Inc. is consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f), and it conducts substantial and regular business activities in this judicial district.

6.    Defendant TU is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f), and it conducts substantial and regular business activities in this judicial district.

7.    Defendant RentGrow is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f), and it conducts substantial and regular business activities in this judicial district.

## FACTUAL BACKGROUND

### SUMMARY OF THE FCRA

8.    The FCRA is a comprehensive statute governing the conduct of CRAs such as Defendants.

9.    When Congress enacted the FCRA it found that the "banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods

undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1).

10.     Congress recognized that CRAs such as Defendants "have assumed a vital role in assembling and evaluating consumer credit and other information on consumers."   15 U.S.C. § 1681(a)(3).   Therefore, Congress found that there "is a need to insure the consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

11.     To protect consumer's privacy, the FCRA provides that CRAs may only furnish a consumer report to a person "which it has reason to believe … intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished."  15 U.S.C. § 1681b(a).

12.     The FCRA requires that when a CRA prepares a consumer report, it must "follow reasonable procedures to assure maximum possible accuracy of the information" in the report.  15 U.S.C. § 1681e(b).

13.     Consumers are entitled to know the information contained in their file. Therefore, CRAs are required, upon request, to "clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request…" 15 U.S.C. § 1681g(a).

14.     The FCRA also affords to consumers the critical right to dispute inaccurate or incomplete information in their consumer reports. The FCRA requires that upon receiving notice from a consumer that the consumer disputes the accuracy or completeness of any item of information in the consumer's file, consumer reporting agencies must follow specific requirements, including:

    a.  conduct a reasonable reinvestigation of the disputed information to determine if the information is accurate;

    b.  notify the source of the information of the dispute within five days;

    c.  provide the source with all relevant information received from the consumer;

    d.  review and consider all relevant information provided by the consumer in conducting the reinvestigation;

    e.  delete or modify information that is found to be inaccurate or incomplete, or that cannot be verified;

    f.  complete the reinvestigation within 30 days; and

    g.  send the consumer written results of the reinvestigation and a credit report that is based on the consumer's file as that file is revised as a result of the reinvestigation. 15 U.S.C. § 1681i(a).

15.     A major problem with consumer reporting agencies' procedures is the "mixed file."  A mixed file is placing information belonging to one consumer into the file or credit report of a different consumer.  In some cases, the two consumers are merged together so there is one file for both consumers.

16.     Mixed files create a false description of a consumer's credit history. Further, mixed files result in the consumer not obtaining credit or other benefits of our economy.

17.     Consumers with mixed files often have their confidential personal and financial information wrongfully disclosed when the other consumer is seeking credit, and have their confidential information disclosed to the other person.  This violates the consumer's privacy and also greatly increases their risk of identity theft.

18.     Ms. Hudon is a mixed file victim.  Defendants Experian and RentGrow sold consumer reports about Ms. Hudon that included numerous items of information that do not belong to her, including numerous collections accounts, address histories, inquiries, employment history, and other information.  As a result, Ms. Hudon has been denied housing and credit.

19.     Upon information and belief, these items of information belong to a different consumer, or consumers, named "Brandi Conner" or "Conner Brandi Elaine."

20.     Even a cursory comparison of Ms. Hudon's personal information confirms that she is neither "Brandi Conner" nor "Conner Brandi Elaine."  She does not share the same last name, date of birth, social security number, or address history with either of these individuals.

21.     These discrepancies should have caused Experian and RentGrow to realize Plaintiff is not the same person as "Brandi Conner" or "Conner Brandi Elaine", and should not have mixed their credit files.

## FACTS RELATING SPECIFICALLY TO PLAINTIFF

22.     At the end of 2019, Ms. Hudon discovered that Defendant RentGrow had furnished one or more consumer reports to third-parties containing information that did not belong to her, including loans, names, and addresses that belonged to someone else.

23.     Upon information and belief, Defendant RentGrow had obtained this information from Defendant Experian, and assembled and merged it into its own consumer report that it sold to the end users.

24.     This inaccurate information reported by Defendants RentGrow and Experian negatively reflected upon Ms. Hudon, her financial responsibility, her creditworthiness, and her reputation.

25.     The inaccurate information reported by Defendants RentGrow and Experian was a substantial factor in preventing Ms. Hudon from obtaining an apartment lease in December 2018.

26.     On December 3, 2019, Ms. Hudon wrote to Defendant RentGrow and disputed the inaccurate information.  Specifically, she wrote:

> RentGrow is reporting information that does not belong to me.  I think that I may be the victim of identity theft, or alternatively that RentGrow is mixing a different person's information into my credit file.   In either scenario, I am writing to request that RentGrow investigate and delete the following information from my credit report.
>
> 1.  "Also Known As: Brandi Conner."  This is not my name, nor a name I have ever gone by.
>
> 2.  "Also Known as: Conner Brandi Elaine."  This is not my name, nor a name I have ever gone by.

3. "Primary Address: 16 Jefferson PY Apt. B, Newnan GA 30263-3182." This is not an address I have ever lived it.

4. "Other Address: 6150 Flat Rock Rd Apt. A, Columbus GA 31907-9201." This is not an address I have ever lived at.

5. Employment: Muscogoe County Sheriff. I have never been employed by this company.

6. Employment: MSCD Sheriff Dep. I have never been employed by this company.

7. "SSN issued between 1988 and 1990." This is false. I was born in 1983.

8. ATT Wireline account. This account does not belong to me.

9. Brittwood Apts. This account does not belong to me. I have never lived here.

10. Nationwide Insurance. This account does not belong to me.

11. Greystone at Main Street. This account does not belong to me. I have never lived here.

12. Greystone at Country Club Apar. This account does not belong to me. I have never lived here.

13. Automated Billing Services.  This account does not belong to me.

14. The Grand Reserve.  This account does not belong to me.  I have never lived here.

15. Knology Inc DBA Wow.  This account does not belong to me.

16. Walden Pond.  This account does not belong to me.

17. Comenity Bank / LNBryant.  This account does not belong to me.

18. Macy's / DSNB.  This account does not belong to me.

27.     Defendant RentGrow received Ms. Hudon's dispute.

28.     Shortly thereafter, Defendant RentGrow responded to Ms. Hudon's dispute.  It did not remove any of the disputed information from her credit file.

29.     RentGrow failed to conduct a reasonable reinvestigation of the disputed information to determine if the information was accurate, and it failed to comply with any of the other requirements of Section 1681i of the FCRA.

30.     At about the same time, Ms. Hudon wrote to Defendant Experian and disputed the inaccurate information.  Specifically, she wrote:

> Experian is reporting information that does not belong to me.  I think that I may be the victim of identity theft, or alternatively

that Experian is mixing a different person's information into my credit file.   In either scenario, I am writing to request that Experian investigate and delete the following information from my credit report.

1.  Account with Global Lending Service.  Experian reports that this is an auto loan on my credit report.  This is not my account.  It does not belong to me.

2.  Account with SyncB/PPC.  Experian reports this as an open account on my credit report.  The account does not belong to me.

3.  Credit Management LP.  Experian reports this as a collections account with an original creditor called Knology Inc DBA WoW.  This account does not belong to me.  I have never had an account with Knology Inc DBA Wow.

4.  Enhanced Recovery Co.  Experian reports this as a collections account with an original creditor as Sprint.  I have never held an account with Sprint.

5. I.C. Systems, Inc.   Experian reports this as a collections account with an original creditor as ATT Wireline.  I have never held an account with ATT.

6. National Credit Systems.   Experian reports this as a collections account with an original credit as Brittwood Apartments.  I have never lived at Brittwood Apartments. The account does not belong to me.

7. Professional Collections.   Experian reports this as a collections account with an original creditor as Greystone at Main Street.  I have never lived as Greystone at Main Street. The account does not belong to me.

8. Professional Collections.   Experian reports this as a collections account with an original creditor as Greystone at Country Club Apartments.  I have never lived as Greystone at Country Club Apartments.  The account does not belong to me.

9. Professional Collections.   Experian reports this as a collections account with an original creditor as Automated Billing Service.  This does not belong to me.

10. Professional Collections. Experian reports this as a collections account with an original creditor as The Grand Reserve. This does not belong to me.

11. JPMCB Card inquiry. This inquiry does not belong to me. I believe it is the result of fraud and/or a mixed file.

12. Consumer Portfolio Svc inquiry. This inquiry does not belong to me. I believe it is the result of fraud and/or a mixed file.

13. Global Lending Service inquiry. This inquiry does not belong to me. I believe it is the result of fraud and/or a mixed file.

14. Ally Financial inquiries (multiple). These inquiries do not belong to me. I believe they are the result of fraud and/or a mixed file.

15. Global Lending Service inquiry. This inquiry does not belong to me. I believe it is the result of fraud and/or a mixed file.

16. Capital One Auto Finance inquiry. This inquiry does not belong to me. I believe it is the result of fraud and/or a mixed file.

17. Syncb/At Home DC inquiry.  This inquiry does not belong to me. I believe it is the result of fraud and/or a mixed file.

18. RentGrow inquiry (May 2018).  This May 2018 inquiry does not belong to me.  There is a separate inquiry from RentGrow on December 14, 2018 that does pertain to an apartment I applied to.

19. Comenity Bank / LN Bryant inquiry.  This inquiry does not belong to me. I believe it is the result of fraud and/or a mixed file.

20. Macy's / DSNB inquiry.  This inquiry does not belong to me. I believe it is the result of fraud and/or a mixed file.

21. Cap One NA inquiry.  This inquiry does not belong to me. I believe it is the result of fraud and/or a mixed file.

22. Brandi Conner.  This name appears on my credit report.  My name is not Brandi Conner.  I am concerned this may be the name of my identity thief or the person whose information Experian is mixing into my file.

23. Connor Brandi Elaine.  This name appears on my credit report.  My name is not Brandi Conner.  I am concerned this

> may be the name of my identity thief or the person whose information Experian is mixing into my file.
>
> 24. 16 Jefferson, Newnan, GA 30263-3182.  This address does not belong to me.  I have never lived there.
>
> 25. 6150 Flat Rock, Columbus, GA 31907-9201.  This address does not belong to me.  I have never lived there.
>
> 26. Muscogoe County Sheriff.  Experian reports this as a past employer.  I have never worked for the Muscogoe County Sheriff.  This employer does not belong to me.
>
> 27. Muscogee Co. School District.  Experian reports this as a past employer.  I have never worked for the Muscogee Co. School District.  This employer does not belong to me.

31.     Defendant Experian received Ms. Hudon's dispute and, unlike Defendant RentGrow, it conducted a reinvestigation.

32.     On or about February 14, 2020, Defendant Experian sent Ms. Hudon its reinvestigation results.  Defendant Experian informed Ms. Hudon that it had deleted from her credit report fourteen credit-related items that she had disputed.  It also informed her that it revised her birthday and social security number, and

removed names, addresses, telephone numbers, and former employers that did not belong to Ms. Hudon.

33.     Prior to removing this inaccurate information from Ms. Hudon's file, Experian sold numerous consumer reports about Ms. Hudon to third-parties, which contained inaccurate and disparaging information about Ms. Hudon.

34.     Because of her concern that other CRAs might be reporting this same inaccurate information, Ms. Hudon requested her credit reports from Equifax, Experian, and Trans Union via Annualcreditreport.com.

35.     While Equifax and Experian provided her with her credit files, Defendant TU failed to do so.

36.     So, on December 4, 2019, Ms. Hudon sent Defendant TU a request under Section 1681g of the FCRA for all information in her file and the sources of the information.

37.     On December 11, 2019, Defendant TU acknowledged receipt of Ms. Hudon's request, but it did not provide her with her file.  Instead, it requested verification of Ms. Hudon's social security number before it would release her information.  It explained in its letter that acceptable proof of Ms. Hudon's social security number included, among other things, her social security card.

38.     On February 18, 2020, Ms. Hudon sent another request to Defendant TU for all information in her file and the sources of the information.  This time, Ms. Hudon included with her request a copy of her social security card and driver's license.

39.     On February 27, 2020, Defendant TU responded to Ms. Hudon's request.  It again failed to provide her with the information in her file and the sources of the information.

40.     Instead, Defendant TU repeated its request for Ms. Hudon to send it verification of her social security number before it would release her information.  It explained in its letter, again, that acceptable proof of Ms. Hudon's social security number included, among other things, her social security card.  Of course, Ms. Hudon had already provided her social security card to Defendant TU.

41.     To this day, Defendant TU has refused to provide Ms. Hudon with the information in her file and the sources of the information, in violation of the FCRA. Because of Defendant TU's refusal to provide Ms. Hudon with her file, Ms. Hudon continues to be unaware of whether Defendant TU is reporting inaccurate information to end users, much like Defendants Experian and RentGrow did.

**FIRST CLAIM FOR RELIEF**

**(15 U.S.C. § 1681e(b) against Defendants Experian and RentGrow)**

42.    Plaintiff alleges and incorporates all other factual allegations set forth in this Complaint.

43.    Defendants Experian and RentGrow violated Section 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports furnished regarding Plaintiff.

44.    Defendants Experian and RentGrow knew or should have known about their obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

45.    Defendants Experian and RentGrow obtained or had available substantial written materials that apprised them of their duties under the FCRA.

46.    Despite knowing of these legal obligations, Defendants Experian and RentGrow acted consciously in breaching their known duties and deprived Plaintiff of her rights under the FCRA.

47.    As a result of the violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered, and continues to suffer, actual damages, including lost opportunity to receive credit, economic loss, lost housing, damage to reputation, invasion of privacy, emotional distress, and interference with normal and usual activities for

which Plaintiff seeks damages in an amount to be determined by the jury. Alternatively, Plaintiff is entitled to recover statutory damages of up to $1,000.

48.    The violations by Defendants Experian and RentGrow were willful, rendering Defendants Experian and RentGrow liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendants Experian and RentGrow were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

49.    Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. § 1681o(a) or, alternatively, 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF

### (15 U.S.C. § 1681i against Defendant RentGrow)

50.    Plaintiff re-alleges and incorporates all other factual allegations set forth in this Complaint.

51.    After Plaintiff sent her dispute to Defendant RentGrow, Defendant RentGrow violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file.

52.     After Plaintiff sent her dispute, Defendant RentGrow violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

53.     After Plaintiff sent her dispute, Defendant RentGrow violated 15 U.S.C. § 1681i(a)(5) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or modify the items of information upon a lawful reinvestigation.

54.     As a result of the violations of 15 U.S.C. § 1681i(a), Plaintiff has suffered, and continues to suffer, actual damages, including, lost opportunity to receive credit, economic loss, damage to reputation, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Alternatively, Plaintiff is entitled to recover statutory damages of up to $1,000.

55.     The violations by Defendant RentGrow were willful, rendering Defendant RentGrow liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant RentGrow was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

56.     Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. § 1681o(a) or, alternatively, 15 U.S.C. § 1681o(a).

## THIRD CLAIM FOR RELIEF

## (15 U.S.C. § 1681g against Defendant TU)

57.    Plaintiff re-alleges and incorporates all other factual allegations set forth in this Complaint

58.    The purpose underlying the FCRA is to require that CRAs adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer.   15 U.S.C. § 1681, "Congressional findings and statement of purpose."  To achieve this purpose, consumers have a right to request all information in files maintained by consumer reporting agencies to ensure that it is accurate and up to date.

59.    Section 1681g of the FCRA requires that upon request from a consumer, a consumer reporting agency shall clearly and accurately disclose to the consumer "[a]ll information in the consumer's file at the time of the request."

60.    The FCRA defines "file" as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored."  15 U.S.C. § 1681a(g).

61.    Defendant TU violated 15 U.S.C. § 1681g by failing to provide any information in Plaintiff's file at the time of the request.

62.     Defendant TU knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.  *See Cortez v. Trans Union, L.L.C.*, 617 F.3d 688, 712 (3d Cir. 2010); *Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d 532, 544-45 (E.D. Pa. 2012); *Holmes v. Telecheck Int'l.*, 556 F. Supp. 2d 819, 838 (M.D. Tenn. 2008).

63.     Defendant TU obtained or had available substantial written materials that apprised it of its duties under the FCRA.

64.     Despite knowing of these legal obligations, Defendant TU acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

65.     As a result of the violations of 15 U.S.C. § 1681g, Plaintiff has suffered, and continues to suffer, actual damages, including, lost opportunity to receive credit, economic loss, damage to reputation, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Alternatively, Plaintiff is entitled to recover statutory damages of up to $1,000.

66.     The violations by Defendant TU were willful, rendering Defendant TU liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant TU was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

67.     Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. § 1681o(a) or, alternatively, 15 U.S.C. § 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     Actual damages;

2.     Statutory damages;

3.     Punitive damages;

4.     Attorneys' fees; and

5.     Costs of the action

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

DATED: May 27, 2020

By: /s/ Jeffrey B. Sand
Jeffrey B. Sand

Andrew L. Weiner
WEINER & SAND LLC
800 Battery Avenue SE
Suite 100
Atlanta, Georgia 30339
(404) 205-5029 (Tel.)
(404) 205-5029 (Tel.)
(866) 800-1482 (Fax)
js@atlantaemployeelawyer.com
aw@atlantaemployeelawyer.com

COUNSEL FOR PLAINTIFF